UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS PEREZ-ORTIZ,

    Petitioner,

v.                                                  CASE NO. 6:11-cv-188-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 8).

Petitioner alleges one ground for relief, that trial counsel was ineffective for failing to relay his plea offer to the State. For the following reasons, the Court finds that Petitioner is not entitled to relief on his claim.

I.    *Procedural History*

Petitioner was indicted on one count of first degree murder. After a jury trial, Petitioner was convicted as charged. The trial court sentenced Petitioner to a term of life

imprisonment. Petitioner appealed, raising three grounds for relief. The Fifth District Court of Appeal affirmed Petitioner's conviction and sentence. *Perez-Ortiz v. State*, 954 So. 2d 1256 (Fla. 5th DCA 2007). The Supreme Court of Florida declined to accept review.

Petitioner filed a Rule 3.850 motion for post-conviction relief alleging five grounds for relief. The trial court summarily denied the motion. On appeal, the Fifth District Court of Appeal affirmed *per curiam*. The instant petition for writ of habeas corpus followed.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d

1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36;

3

28 U.S.C. § 2254(e)(1).

### B. *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

Additionally, a court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances,

as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.    Analysis

Petitioner claims trial counsel was ineffective for failing to relay his plea offer to the State. In support of this claim Petitioner maintains that sixteen to eighteen months before trial, he asked defense counsel to convey to the State his willingness to plead guilty in exchange for a sentence of three to twelve years (Doc. No. 1 at 5). Petitioner states that despite his attempts to have counsel convey this offer, counsel failed to do so. *Id.* Petitioner asserts that there is a reasonable probability that the State would have accepted his offer or would have begun negotiations which would have resulted in a plea bargain with a sentence that was less than life in prison. *Id.* at 26.

Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. H). The trial court summarily denied the instant claim, finding that there was no case law to "suggest that the failure to relay an offer from the Defendant to the State would likewise support" a claim of ineffective assistance of counsel (App. I at 4). The court noted that the

State had offered a plea agreement to second degree murder in exchange for a thirty-year sentence, which Petitioner rejected. *Id.* The court found that based on this offer there was no reasonable probability that the State would have agreed to a sentence of three to twelve years. *Id.* The Fifth District Court of Appeal affirmed *per curiam* (App. K).

Petitioner has not demonstrated that he is entitled to relief with respect to this claim. Accepting as true Petitioner's claim that he told his attorney that he would accept a plea deal of three to twelve years, it is not clear that counsel's failure to relay this offer to the State amounts to deficient performance under the circumstances. Prior to trial, the State offered Petitioner a thirty-year sentence in exchange for a guilty plea to second degree murder. Petitioner rejected the State's offer (App. B at 21-21). During a colloquy with the court, Petitioner said that he had discussed the offer with his attorney, understood that he was facing life imprisonment, and wished to proceed to trial. *Id.* at 23-24. At no point during the colloquy did Petitioner complain that he had attempted to enter into plea negotiations earlier in the case. Under the circumstances, such an offer would have been futile, and counsel cannot be deemed deficient for failing to perform a futile act. *See Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) (the law does not require counsel to raise weak or nonmeritorious claims); *Rasheed v. Smith*, 221 F. App'x 832, 836 (11th Cir. 2007) (holding counsel's failure to file a motion for mistrial did not amount to deficient performance because the filing of such a motion would have been futile); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a non-meritorious issue).

6

Moreover, even assuming counsel acted deficiently in this case, Petitioner has not demonstrated prejudice. Petitioner merely speculates that had the State known of his offer, it would have accepted it or countered with an offer that was less than thirty years in prison. Vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stewart v. Director, TDCJ-CID*, Nos. 6:11cv223, 6:11cv303, 2011 WL 7468807, at *12 (E.D. Tex. Dec. 16, 2011) (finding the petitioner's claim that trial counsel was ineffective for failing to make a meaningful effort to negotiate a plea was conclusory and did not provide a basis for relief).

It is speculative at best to suggest that Petitioner's offer would have resulted in a successful plea deal. Indeed, it is unlikely that the State would have agreed to a plea of three to twelve years when Petitioner was facing a first degree murder charge, especially in light of the fact that Petitioner admitted to strangling or choking his wife, placing her face down in the bathroom tub, filling the tub with hot water while she was unconscious, and then exiting the apartment (App. B at 399-400, 411-14).

Additionally, Petitioner has not cited to, and this Court has not found, any case law in which the Supreme Court of the United States has found that a trial attorney's failure to convey an offer by a criminal defendant to the State amounted to deficient performance or resulted in prejudice. *See* 28 U.S.C. § 22554(d). Although Petitioner has filed a notice of supplemental authority in which he cites to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), as bases for relief, the Court finds that these cases

are not applicable (Doc. No. 9). In *Cooper*, the petitioner's trial counsel advised him to reject a plea offer of 51 to 85 months in prison made by the State and advised him to proceed to trial. 132 S. Ct. at 1383. The petitioner was convicted at trial and received a mandatory minimum sentence of 185 to 360 months in prison. *Id.* The parties conceded that counsel's actions were deficient. *Id.* at 1391. The Court held that the petitioner was prejudiced by counsel's advice and held that the proper remedy was to order the State to re-offer the same plea agreement. *Id.* at 1391.

In *Frye*, the Court held that (1) defense counsel has a duty to communicate formal offers from the prosecutor that may be favorable to the accused; and (2) defense counsel acted deficiently when he allowed a formal plea offer to expire without advising the defendant of the offer or allowing him to consider it. 132 S. Ct. at 1408. The Court found that the prejudice inquiry required it to look not at whether the petitioner would have proceeded to trial absent the ineffective assistance, but whether he would have accepted a more favorable plea offer. *Id.* at 1410.

The *Cooper* and *Frye* cases are distinguishable from the instant case because here there is no allegation that counsel failed to relay a plea offer made by the State, nor did counsel advise Petitioner to reject a plea offer made by the State. Instead, Petitioner argues that trial counsel acted deficiently when he failed to relay his plea offer to the State. The Supreme Court did not hold that a defense attorney's failure to convey defendant's offer to the State amounted to deficient performance or prejudice under *Strickland*. Petitioner has not shown that the state court's determination of this claim is contrary to, or resulted

8

in an unreasonable application of, clearly established federal law. Accordingly, Petitioner's claim is denied pursuant to § 2254(d).[1]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

---

[1] Although Petitioner argues that an evidentiary hearing is necessary on this claim, the Court notes that pursuant to *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), federal courts can no longer hold evidentiary hearings in § 2254 cases because "review . . . is limited to the record that was before the state court that adjudicated the claim on the merits." Because the instant claim was adjudicated on the merits in the state court, this Court is precluded from supplementing the record with facts adduced for the first time at a federal evidentiary hearing.

9

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Luis Perez-Ortiz (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 18th day of June, 2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 6/18
Counsel of Record
Luis Perez-Ortiz